**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CATHERINE M. RIGA,**

            **Plaintiff,**

**-vs-**                                            Case No. 6:12-cv-414-Orl-19DAB

**JON E. BENEZETTE (esq.) and his clients:**
**ALEX HARRIS, ANTHONY J. REED,**
**KAREN S. TILLMAN & BRITTANI**
**SCOTT,**

            **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**      March 16, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be **dismissed**.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th

Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark,* 915 F.2d at 639 (internal citation omitted). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id*. at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*. at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

In evaluating a complaint under Section 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus,* 551 U.S. 89,127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007].

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555.

Applied here, even liberally construed, the Complaint does not meet any of the foregoing standards. Initially, the Court notes that the motion, entitled "Notice to Court Re: Forma Pauperis" contains no financial information, but references an earlier case filed in this court (and dismissed for lack of jurisdiction) against Allstate,[1] and asks the Court "to redirect her Forma Pauperis application from that case to this case . . ." (Doc. No. 2). Even if the Court were inclined to "redirect" the filing (which it is not), the application in the prior case is over three months old and may not reflect Plaintiff's current situation. Moreover, on the merits, Plaintiff has not pled a cause of action within the limited jurisdiction of this Court.

Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (*i.e.,* "a civil action arising under the Constitution, laws, or treaties of the United States"), in which a private

---

[1] Although Plaintiff does not provide the case number, the Court assumes she is referring to Case No. 11cv2006-19KRS.

right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332; *Alexander v. Sandoval,* 532 U.S. 275, 293 n.8 (2001).

Here, Plaintiff, a Florida citizen, sues five alleged Florida citizens (an attorney and his clients) for damages she claims were incurred following an automobile accident. Plaintiff asserts that one of the Defendants made an alleged fraudulent statement to the trooper investigating the accident, resulting in Plaintiff receiving a ticket and incurring an increase in her insurance premiums, as well as other damages (including monies paid to Defendants in settlement), as a result. Although she calls her claim "a federal question case," the Complaint specifies that it is brought pursuant to Florida state statutes (Doc. No. 1). As is clear, there is no plausible federal claim here, and diversity jurisdiction is not available, due to the presence of Florida citizens on both sides of the litigation and the absence of the required amount in controversy.

As there is no cognizable claim stated within the limited jurisdiction of this court, it is respectfully recommended that the motion be **denied** and the Complaint be **dismissed**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 21, 2012.

          *David A. Baker*
          DAVID A. BAKER
          UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy