UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CATHERINE M. RIGA,

       Plaintiff,

vs.                                           CASE NO. 6:12-CV-414-ORL-19DAB

JON E. BENEZETTE (Esq.) and his clients:
ALEX HARRIS, ANTHONY J. REED,
KAREN S. TILLMAN & BRITTANI
SCOTT,

       Defendants.

## ORDER

This case comes before the Court on the following:

1. Report and Recommendation of United States Magistrate Judge David A. Baker (Doc. No. 5, filed Mar. 21, 2012); and

2. Emergency Petition for Declaratory Judgment Supported with an Injunction by Plaintiff Catherine M. Riga (Doc. No. 6, filed Apr. 4, 2012).

### Background

Catherine M. Riga ("Plaintiff") filed a Complaint against attorney Jon E. Benezett and his clients Alex Harris, Anthony Reed, Karen S. Tillman, and Brittani Scott (collectively "Defendants") on March 16, 2012. (Doc. No. 1.) According to the Complaint, Plaintiff's car was struck by a vehicle driven by Karen S. Tillman on January 2, 2011. (*Id.* at 1.) Tillman and all the occupants in Tillman's vehicle filed claims with Plaintiff's insurance company, Allstate. (*Id.*) However, Plaintiff alleges that the accident report prepared by Florida Highway Patrol ("FHP") Trooper R.J. Eldridge only reflected Anthony Reed's fraudulent statements. (*Id.* at 1-2.) As a result, Plaintiff

alleges that her insurance premiums have increased $57 per month, and she has incurred a total of $48,183.99 in expenses. (*Id.* at 2.)

On March 16, 2012, Plaintiff filed what the Court has interpreted to be a Motion to Proceed *In Forma Pauperis* titled "Notice to Court re: Forma Pauperis" (the "Motion"). (Doc. No. 2.) Plaintiff's Motion requests the Court to redirect a Motion to Proceed *In Forma Pauperis* that Plaintiff filed in a previous case to the instant case. (*Id.*) On March 21, 2012, Magistrate Judge Baker entered a Report and Recommendation recommending that the Motion be denied and Plaintiff's Complaint be dismissed. (Doc. No. 5 at 4.) Specifically, Magistrate Judge Baker noted that Plaintiff's Motion contains no financial information, and even if the Court were inclined to redirect the filing, the "application in the prior case . . . may not reflect Plaintiff's current situation." (*Id.* at 3.) Additionally, Magistrate Judge Baker recommended that Plaintiff's Complaint should be dismissed because Plaintiff has not "pled a cause of action within the limited jurisdiction of this Court." (*Id.*)

On April 4, 2012, Plaintiff filed an Emergency Petition for Declaratory Judgment Supported with an Injunction ("Emergency Petition"). (Doc. No. 6.) Plaintiff requests that the Court "enter a Declaratory Judgment in her favor supported by an injunction ordering Defendants to write out separate checks to [Plaintiff] in the amounts of the Allstate settlement agreements." (*Id.*)

## Analysis

When a motion is delegated to a Magistrate Judge under Title 28, Section 636(b), of the United States Code, the Magistrate Judge is required to submit a report to the District Court and parties. 28 U.S.C. § 636(b). If a party makes a proper objection to the Magistrate Judge's Report and Recommendation, the District Court must conduct a *de novo* review of the portions of the report

to which the objection is made. FED. R. CIV. P. 72(b)(3); *Macort v. Prem, Inc.,* 208 Fed. App'x 781, 783-84 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 Fed. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). The District Court may accept, reject, or modify the findings or recommendations made by the Magistrate Judge. FED. R. CIV. P. 72(b)(3); *Macort,* 208 Fed. App'x at 784 (quoting *Heath,* 863 F.2d at 822). When conducting its *de novo* review, "the district court's consideration of the factual issue [must] be independent and based upon the record before the court." *Macort,* 208 Fed. App'x at 784 (quoting *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)).

By the date of this Order, Plaintiff has not filed a proper objection to Magistrate Judge Baker's Report and Recommendation. Moreover, Plaintiff's Emergency Petition cannot serve as a proper objection because it does not object to specific findings or recommendations in the Report and Recommendation; instead, the Emergency Petition merely seeks declaratory and injunctive relief. (*See* Doc. No. 6); *Macort*, 208 Fed. App'x at 784 (citing *Goney,* 749 F.2d at 7). Accordingly, the Report and Recommendation should be adopted and affirmed, and Plaintiff's Complaint should be dismissed as "Plaintiff has not pled a cause of action within the limited jurisdiction of this Court." (Doc. No. 5 at 3); *Morrison v. Allstate Indem., Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000) ("[O]nce a court determines that there has been no jurisdictional grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction.")

Additionally, the Court finds no basis on which to grant Plaintiff's Emergency Petition. Plaintiff alleges in her Emergency Petition that FHP "FAILED to conduct a *thorough* investigation needed to identify the fraudulent statement made by Anthony Reed." (Doc. No 6) (emphasis in

original). However, Plaintiff has not stated a claim for fraud or discrimination in any pleadings before this Court. Moreover, the Court lacks jurisdiction to address any allegations against FHP or its employees as neither have been named as a defendant in this case. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 110 (1969) (vacating judgment against Hazeltine and noting the court did not have jurisdiction over Hazeltine when Hazeltine was not named as a party and was not served).

Plaintiff's Emergency Petition should also be denied because it fails to comport with the procedural rules concerning requests for injunctive relief. Local Rule 4.06 along with Federal Rule of Civil Procedure 65 govern the entry of injunctive relief. Local Rule 4.06 requires a motion seeking injunctive relief to comply with the following requirements, among others, found in local Rule 4.05(b): (1) the motion must be "supported by allegations of specific facts;" (2) the motion must "describe precisely the conduct sought to be enjoined;" and (3) the motion must "contain or be accompanied by a supporting legal memorandum or brief." Local Rule 4.05(b). In the present case, Plaintiff has failed to allege specific facts that would support an order granting injunctive relief. Moreover, Plaintiff has not provided a legal memorandum or brief in support of her Emergency Petition. In addition to failing to join the Florida Highway Patrol or its employee as a Defendant, Plaintiff's Emergency Petition also fails to establish the four factors applied by the Eleventh Circuit in determining whether to grant injunctive relief. Specifically, Plaintiff has failed to establish (1) a substantial likelihood of success on the merits; (2) the threat of irreparable injury; (3) that Plaintiff's injury would outweigh any injury to Defendants; and (4) that the injunction would not disserve the public interest. *Tefel v. Reno,* 180 F.3d 1286, 1295 (11th Cir. 1999). Accordingly, the Court finds Plaintiff's Emergency Petition must be denied.

**Conclusion**

Therefore, upon consideration, it is **ORDERED** that the Report and Recommendation (Doc. No. 5, filed Mar. 21, 2012) is **ADOPTED and AFFIRMED.**  The Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 2, filed Mar. 16, 2012) is **DENIED.**  The Emergency Petition for Declaratory Judgment Supported with an Injunction (Doc. No. 6, filed Apr. 4, 2012) is **DENIED.**  The Complaint (Doc. No. 1, filed Mar. 16, 2012) is **DISMISSED WITHOUT PREJUDICE.**  Although it appears to the Court that Plaintiff's claim should be filed in the state court, Plaintiff has leave to file an amended complaint that shows jurisdiction of her claim(s) within this Court within twenty (20) days from the date of this Order.

**DONE AND ORDERED** at Orlando, Florida, this   9th    day of April, 2012.

*[signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record

Unrepresented Parties