# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CATHERINE M. RIGA,**

        **Plaintiff,**

**-vs-**                                                                    **Case No. 6:12-cv-414-Orl-19DAB**

**JON E. BENEZETTE (esq.) and his clients:**
**ALEX HARRIS, ANTHONY J. REED,**
**KAREN S. TILLMAN & BRITTANI**
**SCOTT,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 13)**
>
> **FILED:** April 17, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Amended Complaint be **dismissed**.

As set forth in a prior Report (Doc. No. 5) directed to an earlier motion (Doc. No. 2), upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*,

915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (*i.e.,* "a civil action arising under the Constitution, laws, or treaties of the United States"), in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332; *Alexander v. Sandoval,* 532 U.S. 275, 293 n.8 (2001).

Here, Plaintiff, a Florida citizen, sues five alleged Florida citizens (an attorney and his clients) for damages she claims were incurred following an automobile accident. Specifically, Plaintiff sues "for damages reflecting the collective total $47,760.00 in settlement fees paid to the defendants (excluding Benezette) by plaintiff's Allstate policy coverage." (Doc. No. 14, allegation 1). Plaintiff asserts that one of the Defendants negligently operated a vehicle, and another made an alleged fraudulent statement to the trooper investigating the accident, resulting in Plaintiff incurring an

increase in her insurance premiums, "subsequent homelessness," and other damages (including monies paid by Allstate to Defendants in settlement). As is clear, there is no plausible federal claim here, and diversity jurisdiction is not available, due to the presence of Florida citizens on both sides of the litigation and the absence of the required amount in controversy.

As there is no cognizable claim stated within the limited jurisdiction of this court, it is respectfully recommended that the motion be **denied** and the Amended Complaint be **dismissed**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 18, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy