**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CATHERINE M. RIGA,

      Plaintiff,

vs.                                                                                   CASE NO. 6:12-CV-414-ORL-19DAB

JON E. BENEZETTE (Esq.) and his clients:
ALEX HARRIS, ANTHONY J. REED,
KAREN S. TILLMAN & BRITTANI
SCOTT,

      Defendants.

**ORDER**

This case comes before the Court on the following:

1. Application to Proceed in District Court without Prepaying Fees or Costs by Plaintiff Catherine M. Riga (Doc. No. 13, filed Apr. 17, 2012);

2. Report and Recommendation of the United States Magistrate Judge David A. Baker (Doc. No. 15, filed Apr. 18, 2012);

3. Reply to Report and Recommendation by Plaintiff Catherine M. Riga (Doc. No. 17, Apr. 23, 2012); and

4. Motion for Leave to File Second Amended Complaint by Plaintiff Catherine M. Riga (Doc. No. 18, filed Apr. 23, 2012).

**Background**

Catherine M. Riga ("Plaintiff") filed a Complaint against attorney Jon E. Benezette and his clients, Alex Harris, Anthony Reed, Karen S. Tillman, and Brittani Scott (collectively "Defendants"), on March 16, 2012. (Doc. No. 1.) That same day, Plaintiff filed what the Court

construed to be a Motion to Proceed *In Forma Pauperis* titled "Notice to Court re: Forma Pauperis." (Doc. No. 2.) On March 21, 2012, Magistrate Judge Baker entered a Report and Recommendation recommending that the Motion to Proceed *In Forma Pauperis* be denied and Plaintiff's Complaint be dismissed because Plaintiff did not plead "a cause of action within the limited jurisdiction of this Court" (the "Report"). (Doc. No. 5 at 3, 4.) On April 4, 2012, Plaintiff filed an Emergency Petition for Declaratory Judgment Supported with an Injunction ("Emergency Petition"). (Doc. No. 6.) The Court entered an Order adopting and affirming the Report, denying the Emergency Petition, and dismissing the Complaint without prejudice. (Doc. No. 10, filed Apr. 9, 2012.) The Court also granted Plaintiff leave to file an amended complaint. (*Id.*)

On April 17, 2012, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees and Costs (Doc. No. 13) and an Amended Complaint. (Doc. No. 14.) In the Amended Complaint, Plaintiff alleged that on January 2, 2011, Karen S. Tillman ("Tillman") negligently operated her car and struck Plaintiff's car which Plaintiff was driving. (Doc. No. 14 ¶¶ 8, 9.) Plaintiff, who is alleged to be a Florida resident, sought damages from five defendants, also alleged to be Florida residents, incurred as a result of the automobile accident, specifically "reflecting the collective total $47,760.00 in settlement fees paid to defendants (excluding Benezette) by plaintiff's Allstate auto policy coverage . . . ." (*Id.* ¶ 15.) Plaintiff also alleged that Anthony Reed made false statements to the Florida Highway Patrol trooper investigating the accident. (*Id.* ¶11-12.)

Magistrate Judge Baker issued a Report and Recommendation recommending that the Application to Proceed in District Court without Prepaying Fees or Costs be denied and the Amended Complaint be dismissed as Plaintiff failed to state a "cognizable claim within the limited

jurisdiction of this court" (the "Second Report"). (Doc. No. 15 at 3.) On April 23, 2012, Plaintiff filed a Reply to the Second Report. However, rather than make specific objections to the Second Report, Plaintiff stated that she had concurrently filed a Motion for Leave to File Second Amended Complaint. (Doc. No. 17; Doc. No. 16.)

**Analysis**

When a motion is delegated to a Magistrate Judge under Title 28, Section 636(b), of the United States Code, the Magistrate Judge is required to submit a report to the District Court and parties. 28 U.S.C. § 636(b). If a party makes a proper objection to the Magistrate Judge's Report and Recommendation, the District Court must conduct a *de novo* review of the portions of the report to which the objection is made. FED. R. CIV. P. 72(b)(3); *Macort v. Prem, Inc.,* 208 Fed. App'x 781, 783-84 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 Fed. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). The District Court may accept, reject, or modify the findings or recommendations made by the Magistrate Judge. FED. R. CIV. P. 72(b)(3); *Macort,* 208 Fed. App'x at 784 (quoting *Heath,* 863 F.2d at 822). When conducting its *de novo* review, "the district court's consideration of the factual issue [must] be independent and based upon the record before the court." *Macort,* 208 Fed. App'x at 784 (quoting *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)).

Plaintiff has not filed a proper objection to the Second Report, and the time for doing so has passed. Plaintiff's Reply not only fails to assert specific objections to the Second Report but also admittedly makes no objections at all. (Doc. No. 17 ("Rather than submit written objections to the proposed findings and recommendations . . . Plaintiff attaches a Motion for Leave of Court to file

the enclosed Second Amended Complaint . . . .").) Accordingly, the Second Report should be adopted and affirmed, and Plaintiff's Amended Complaint should be dismissed. (Doc. No. 15 at 3.)

The Court now turns to Plaintiff's Motion for Leave to File Second Amended Complaint. (Doc. No. 16.) A court has discretion in deciding whether to grant or deny an opportunity to amend. *Foman v. Davis,* 371 U.S. 178, 182 (1962). However, Federal Rule of Civil Procedure 15(a) requires the court to give leave to amend "when justice so requires." As the Supreme Court of the United States has determined

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Foman,* 371 U.S. at 182. Further, the Eleventh Circuit Court of Appeals has found that "denial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1320 (11th Cir. 1999) (quoting *Halliburton & Assoc., Inc. v. Henderson, Few & Co.,* 774 F.2d 441, 444 (11th Cir. 1985)); *see also Hall v. United Ins. Co. of Am.,* 367 F.3d 1255, 1262-63 (11th Cir. 2004).

In the present case, Plaintiff's request to amend is futile because the attached proposed Second Amended Complaint would not survive a motion to dismiss. Specifically, Plaintiff has not met her burden of alleging that this Court has subject matter jurisdiction over her case. "Congress granted federal courts jurisdiction over diversity actions and cases raising a federal question." *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). Plaintiff's proposed Second Amended Complaint does not cure any of the deficiencies previously noted by the Magistrate Judge in the Second Report, as the allegations concerning jurisdiction remain unchanged. Specifically, Plaintiff's

proposed Second Amended Complaint still fails to establish that this Court has diversity jurisdiction. A district court has diversity jurisdiction in an action where "the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States . . . ." 28 U.S.C. § 1332(a).

Plaintiff alleges in the proposed Second Amended Complaint that Plaintiff is seeking damages totaling $47,760.00. (Doc. No. 16-1 ¶ 1.) Plaintiff further alleges that she "is an Orange County, Florida resident" and that all named defendants are Florida residents.[1] (*Id.* ¶¶ 2-7.) The proposed Second Amended Complaint also fails to allege facts that establish this Court has federal question jurisdiction. *Taylor,* 30 F.3d at 1367 ("Federal question jurisdiction exists when an action arises under the Constitution, laws or treaties of the United States."). Thus, the Court finds Plaintiff's Motion for Leave to File Second Amended Complaint must be denied as futile because Plaintiff has not established that this Court has subject matter jurisdiction over her case. *Williams v. Jones,* No. 8:11-cv-2865-T-33TBM, 2012 WL 1192100, at *4 (M.D. Fla. Apr. 10, 2012) (denying the motion for leave to file an amended complaint because the proposed amendment would be futile as it did not establish either diversity or federal question jurisdiction).

**Conclusion**

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that Magistrate Judge Baker's Report and Recommendation is **ADOPTED** and **AFFIRMED**. (Doc. No. 15, filed Apr. 18, 2012.) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 13, filed Apr. 17, 2012) is **DENIED**, and Plaintiff's Amended Complaint (Doc. No. 14, filed Apr. 17,

---

[1] Allegations of residency do not establish citizenship for purposes of diversity jurisdiction. *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.,* 561 F.3d 1294, 1295-96 (11th Cir. 2009). However, even if the Court construed Plaintiff's allegations as asserting citizenship, Plaintiff has still failed to allege that this action is between citizens of different states, as each defendant is alleged to be a resident of Florida.

2012) is **DISMISSED** without prejudice.  Plaintiff's Motion for Leave to File Second Amended Complaint is **DENIED.**  (Doc. No. 16, filed Apr. 23, 2012.)

Plaintiff is again granted leave, within **fourteen (14) days** from the date of filing of this Order, to file an Amended Complaint that shows this Court has subject matter jurisdiction over her claims.  Plaintiff may not merely refile the proposed Second Amended Complaint (Doc. No. 16-1) attached to Plaintiff's Motion for Leave to File Second Amended Complaint.  Failure to timely submit an Amended Complaint that comports with this Order and the two prior Reports and Recommendations of the Magistrate Judge will result in dismissal of this action without further notice and without further leave to amend.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on May __8__, 2012.

*[Signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies Furnished To:

Counsel of Record

Unrepresented Parties